UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 3:24-cv-00177-DRL-MGG<br>) |
| NOTRE DAME FEDERAL CREDIT UNION | )<br>)<br>) |
| Defendant, | ) |

## DAVID DILLEY'S MOTION TO INTERVENE AS A NECESSARY PARTY

Comes now David Dilley ("Dilley"), and moves to intervene pursuant to Federal Rule of Civil Procedure 24(a) and in support of the Motion states as follows:

1. Plaintiff New York Marine and General Insurance Company ("Plaintiff") filed a Complaint for Declaratory Judgment against its insured, Notre Dame Federal Credit Union ("Credit Union) on or about February 26, 2024.

2. Plaintiff's Complaint asks whether an insurance policy issued by Plaintiff provides coverage to Credit Union for violations of the Uniform Commercial Code related to Credit Union's issuance of repossession notices, sale of repossessed collateral, and credit reporting.

3. Credit Union filed a civil action against Dilley on or about September 10, 2021 (the "Underlying Litigation"), alleging he owed Credit Union money for deficiencies associated with several loans.

4. Dilley obtained leave from court and filed a class action counterclaim on or about September 19, 2022 related to the same subject matter of the pending Declaratory judgment action before this Court (namely, Credit Union's secured loans with Dilley).

5. Despite Plaintiff's knowledge of the Dilley's interest in the policy at issue, Plaintiff did not name the Dilley as a Defendant.

6. Rule 19 of the Federal Rules of Civil Procedure provides, in pertinent part:

RULE 19 REQUIRED JOINDER OF PARTIES

(a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.
- (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
  - (A) in that person's absence, the court cannot accord complete relief among existing parties; or
  - (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    - i. as a practical matter impair or impede the person's ability to protect the interest; or
    - ii. leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

7. As courts in Indiana have routinely held, an injured third-party defendant has been held to be a necessary party (or a "person needed for just adjudication" as described in Rule 19 of the Federal Rules of Civil Procedure) in a declaratory judgment action by an insurance company seeking to determine its liability arising from an occurrence between its insured and the injured party. *American Std. Ins. Co. v. Rogers*, 123 F. Supp. 2d 461 (S.D.Ind. 2000) and *Community Action, Inc. v. Indiana Farmers Mut. Ins. Co.*, 708 N.E.2d 882, 885, 1999 Ind. App. LEXIS 550 ( "This shows that the victim of an insured's tort, even though he is not

a third-party beneficiary of his insurer's insurance policy, has a legally protectable interest in that policy before he has reduced his tort claim to judgment (but only after he has been injured).").

8. Counsel for Dilley recently became aware of this pending declaratory judgment action when counsel for Defendant notified Dilley's counsel and provided a copy of the Complaint filed by Plaintiff.

9. Upon learning of this matter, counsel for Dilley timely contacted Plaintiff's counsel on March 15, 2024 and March 20, 2024 to see if Plaintiff would consent to Dilley's Motion to Intervene. Plaintiff's counsel has not responded to Dilley's e-mail.

10. Counsel for Defendant Notre Dame Federal Credit Union, however, has consented to this Motion.

11. Pursuant to Federal Rule of Civil Procedure 24(a) Dilley is situated such that disposing of this action may as a practical matter impair or impede his ability to protect his interest. Specifically, whether there is coverage for Dilley's claims against the Defendant may be determinative of whether Dilley can actively pursue the claim and be made whole.

12. Dilley's pleading pursuant to Federal Rule of Civil Procedure 24(c) is attached hereto as **Exhibit A**.

Wherefore, Dilley requests the Court grant his Motion to Intervene.

Respectfully submitted,

*/s/ Jeffrey S. Gibson*
Jeffrey S. Gibson, #22362-49
Wagner Reese, LLP
11939 N. Meridian Street, Suite 100
Carmel, IN 46032
Phone: 317-446-8339

*Counsel for Intervenor*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2024, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Minh C. Wai, Esq.
Ricardo J. Aguirre, Esq.
**Kopka Pinkus Dolin**
9801 Connecticut Drive Crown Point, Indiana 46307
MCWai@kopkalaw.com
rjaguirre@kopkalaw.com

Joshua A. Dorothy
Nicholas J. Sideras
**Gregerson, Rosow, Johnson & Nilan, Ltd.**
100 Washington Avenue South, Suite
1550 Minneapolis, MN 55401
jdorothy@grjn.com
nsideras@grjn.com

Kay Dee Baird
**Krieg DeVault LLP**
One Indiana Square, Suite 2800
Indianapolis, IN 46204
kbaird@kdlegal.com

    /s/  Jeffery S. Gibson
Jeffrey S. Gibson, Esq.  #22362.49
WAGNER REESE, LLP
11939 North Meridian Street, Ste 100
Carmel, IN  46032
Tel: (317)569-0000/ Fax: (317)569-8088
Email:  jgibson@wagnerreese.com
Counsel for David Dilley