UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NEW YORK MARINE AND GENERAL
INSURANCE COMPANY,

    Plaintiff,

        v.                      CASE NO. 3:24-CV-177-DRL-MGG

NOTRE DAME FEDERAL CREDIT
UNION,

    Defendant.

**ORDER**

Pending before the Court is David Dilley's Motion to Intervene as a Necessary Party filed on April 30, 2024. An adverse party shall have fourteen days after service of a motion in which to serve and file a response. N.D. Ind. L.R. 7-1(d)(3)(A). Failure to file a response within the time prescribed may subject the motion to summary ruling. N.D. Ind. L.R. 7-1(d)(5). As of this date, neither Plaintiff nor Defendant has responded to Mr. Dilley's motion. Consequently, this Court can only assume that Mr. Dilley's Motion is unopposed.

The Court is normally inclined to grant unopposed motions like this. But this Court also has an independent duty to ensure that it has subject matter jurisdiction over this case. *See* Fed. R. Civ. P. 12(h)(3). As such, the Court must analyze new filings as a "jurisdictional hawk" and remand the case if subject matter jurisdiction is lacking. *Lowrey v. Tilden*, 948 F.3d 759, 760 (7th Cir. 2020); *see also Hay v. Ind. State Bd. of Tax Comm'rs,* 312 F.3d 876, 879 (7th Cir. 2002). In this case, Plaintiff New York Marine and

General Insurance Company ("New York Marine") seeks a declaratory judgment that it has no obligation to Defendant Notre Dame Federal Credit Union ("the Credit Union") in the Credit Union's litigation with Mr. Dilley in Kosciusko Superior Court, Case No. 43D04-2109-CC-000568. There, Mr. Dilley has a pending counterclaim against the Credit Union alleging that the Credit Union violated the Uniform Commercial Code due to its issuance of repossession notices, sale of repossessed collateral, and credit reporting.

Here, New York Marine alleges that this Court has jurisdiction to hear this case because the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). But, as an initial matter, New York Marine's allegations to this Court's jurisdiction are insufficient. First, New York Marine alleges that "[u]pon information and belief, the Credit Union is a federally chartered financial cooperative regularly engaged in the business of providing retail banking services to its members. The Credit Union's principal place of business is 1828 Moreau Drive, Notre Dame, IN 46556." [DE 2 at 1, ¶2]. But allegations based on "information and belief" are insufficient, as jurisdictional allegations must be based on personal knowledge. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992). Moreover, the complaint fails to allege whether the Credit Union is a corporation or other type of business entity. While the citizenship of a corporation is based upon the state of incorporation and principal place of business, "in the case of a firm that is not a corporation, its citizenship is the citizenship of its owners, partners, or other principals." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Indeed, "the citizenship of unincorporated associations must be traced through however many

2

layers of partners or members there may be." *Id.* "Failure to go through all the layers can result in dismissal for want of jurisdiction." *Id.* Without more, the Court is unable to discern whether Plaintiff has properly pleaded the Credit Union's citizenship.

Mr. Dilley's motion to intervene only adds to the uncertainty. Generally, an intervening party will not impact the Court's jurisdiction "*unless the intervenor was an indispensable party when the complaint was filed.*" *Costain Coal Holdings, Inc. v. Res. Inv. Corp.*, 15 F.3d 733, 734 (7th Cir. 1994) (emphasis in original) (internal citation omitted). Thus, "diversity jurisdiction may be lost when new parties are added to a case, if they were indispensable when the original complaint was filed." *Hassebrock v. Bernhoft*, No. 10-CV-679-WDS, 2013 WL 4008899, at *3 (S.D. Ill. Aug. 5, 2013). Here, Mr. Dilley seeks to intervene as a matter of right under Federal Rules of Civil Procedure 24(a) and 19, alleging that he is a necessary party or "person needed for just adjudication." [DE 18 at 2, ¶¶4, 7]. But he does not include any allegations as to his domicile or citizenship, so the Court is unable to determine whether his intervention would impact the Court's jurisdiction should his motion be granted.

Accordingly, the Court accordingly **TAKES UNDER ADVISEMENT** the instant motion to intervene [DE 18]. The Court further **ORDERS** Plaintiff and Mr. Dilley to supplement their filings as to the parties' citizenship so that the Court can be assured it has jurisdiction before proceeding with this case and ruling on the substance of Mr. Dilley's motion. Plaintiff and Mr. Dilley's supplemental Jurisdictional Statements must be **FILED** by **July 15, 2024**.

**SO ORDERED** this 2nd day of July 2024.

                                         s/ Michael G. Gotsch, Sr.
                                         Michael G. Gotsch, Sr.
                                         United States Magistrate Judge