# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> NOTRE DAME FEDERAL CREDIT UNION, <br><br> Defendant. | Case No.: 24-cv-00177-DRL-MGG <br><br> **PLAINTIFF NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S RESPONSE TO ECF 22 REGARDING PARTIES' CITIZENSHIP** |

## INTRODUCTION

Plaintiff New York Marine and General Insurance Company ("New York Marine") commenced this declaratory judgment action against Notre Dame Federal Credit Union (the "Credit Union") related to coverage under two insurance policies issued by New York Marine to the Credit Union. *See* ECF 2. The Complaint alleged, in relevant part:

> Upon information and belief, the Credit Union is a federally chartered financial cooperative regularly engaged in business of providing retail banking services to its members. The Credit Union's principal place of business is 1828 Moreau Drive, Notre Dame, IN 46556

ECF 2 at ¶ 2. The Credit Union obtained an extension until July 19, 2024, to file its answer to the Complaint where it would respond to this allegation. As alleged in the Complaint, and further supported in this briefing to the Court, the Complaint properly asserted diversity jurisdiction between New York Marine and the Credit Union.

On April 30, 2024, David Dilley ("Dilley"), the potential class representative in the underlying lawsuit with the Credit Union, filed to intervene as a necessary party in this lawsuit. ECF 18. Dilley did not assert that he is an indispensable party to this action. No information shows

that intervention would defeat diversity between the parties. To the extent Dilley's intervention would defeat diversity, this Court should deny intervention after evaluating the factors under Fed. R. Civ. P. 19(b).

## DISCUSSION

**1. This Court has diversity jurisdiction over this lawsuit related to New York Marine and the Credit Union.**

Diversity jurisdiction requires a plaintiff to establish two conditions: (1) the amount in controversy exceeds $75,000.00; and (2) complete diversity exists between the parties. 28 U.S.C. § 1332. This Court questioned whether the second condition for diversity jurisdiction applies. *See* ECF 22. Complete diversity "exists only if no plaintiff is a citizen of the same state as any defendant." *Jimenez v. Kiefer*, 100 F.4th 931, 936 (7th Cir. 2024).

In the Complaint, New York Marine asserted that it is a corporation domiciled under the laws of the State of New York with its principal place of business in New Jersey. ECF 2 at ¶ 1. New York Marine further asserted that the Credit Union is "a federally chartered financial cooperative" with its principal place of business at 1828 Moreau Drive, Notre Dame, IN 46556. *Id.* at ¶ 2. To address the issue raised by this Court regarding the Credit Union's citizenship, New York Marine files an affidavit with this memorandum, supplying additional support for determining that this Court has jurisdiction over the parties based on diversity jurisdiction as New York Marine and the Credit Union are from different states. *Aff. of Nicholas Sideras* ¶¶ 2–4 (Exs. A–C).

Under the Federal Credit Union Act ("FCUA"), "a federal credit union 'shall be a body corporate.'" *Navy Fed. Credit Union v. Ltd. Fin. Servs., LP*, 972 F.3d 344, 354 (4th Cir. 2020) (quoting 12 U.S.C. § 1754).

> Thus the FCUA explicitly states that federally chartered credit unions are, in fact, corporations. Context clues confirm this understanding: A credit union's powers and governance structure must be set forth in an organization certificate, which serves as the charter of the *corporation*. Congress has classified federal credit unions as corporations, not unincorporated associations.

*Id.* (quotation marks and internal citations omitted) (emphasis in original).

The National Credit Union Administration ("NCUA") oversees federal credit unions. *See* 12 C.F.R. § 701.1. Credit unions must submit to the NCUA a Credit Union Profile. 12 C.F.R. § 741.6(a)(1). As shown on the Credit Union's Profile, the Credit Union's main office is located at 1828 Moreau Drive, Notre Dame, IN 46556. *Aff. of Nicholas Sideras* at ¶ 2 (Ex. 1). Further, the Credit Union operates eight branch offices in Indiana and two branch offices in Arizona. *Id.*

Federal courts have adopted two different approaches when evaluating diversity jurisdiction when a federally chartered credit union is involved. Both standards, when considering the facts in this case, support diversity jurisdiction.

Most recently, in *Navy Fed. Credit Union*, that Court reasoned that for a federally chartered credit union, the federally chartered credit union is treated as a corporation and its principal place of business determines its domicile. 972 F.3d at 364; *see also BCBSM, Inc. v. Walgreens Co.*, 642 F. Supp. 3d 732, 740 (N.D. Ill. 2022) (applying *Navy Fed. Credit Union*). Applying this standard here, the Credit Union's principal place of business is in Indiana, which supports diversity jurisdiction as the parties are from different states. *See id.*; *Jimenez*, 100 F.4th at 936. As listed in the Credit Union's Profile: the Credit Union's main office is in Indiana. *Aff. of Sideras* at ¶ 2 (Ex. A). The Credit Union's CEO/Manager is listed to work at the Credit Union's main office in Indiana. *See id.* at ¶ 2 (Ex. B). In the underlying lawsuit between David Dilley ("Dilley") and the Credit Union, the Credit Union admitted in its Answer and Affirmative Defenses to Second Amended Counterclaim that the Credit Union's principal place of business is in Indiana. *Id.* at ¶ 4

(Exs. C at ¶ 10). Applying the standard in *Navy Fed. Credit Union*, New York Marine properly asserted diversity jurisdiction in this action.

Separate from *Navy Fed. Credit Union*, a former, alternative approach that some courts have used examines a credit union's citizenship for diversity jurisdiction by looking at whether the credit union has localized activities. *See Fed. Home Loan Bank v. Banc of Am. Mortg. Sec., Inc.*, No. 10-cv-1463-WTL-DML, 2011 U.S. Dist. LEXIS 56216, at *12–13 (S.D. Ind. May 25, 2011). The relevant factors for this analysis are: (1) the corporation's principal place of business; (2) the existence of branch offices outside of the state; (3) the amount of business transacted by the corporation in different states; and (4) any other evidence that the corporation is local or national in nature." *Id.* at *13 (citing *Loyola Fed. Sav. Bank v. Fickling*, 58 F.3d 603, 606 (11th Cir. 1995)). This analysis is designed to "not be simply a question as to whether that corporation's activities are exclusive to one state. Such an evaluation should involve a more expansive investigation into the corporation's business." *Fickling*, 58 F.3d at 606. No one factor in this analysis is determinative. *See id.*

The Credit Union's corporate office is at 1828 Moreau Drive, Notre Dame, Indiana. *Aff. of Nicholas Sideras* at ¶ 2 (Ex. A). Of the Credit Union's ten branches, eight are in Indiana. *Id.* The Credit Union lists its CEO/Manager to be located at its corporate office in Indiana. *See id.* at ¶ 3 (Ex. B). The Credit Union admitted in its answer in its underlying lawsuit with Dilley that the Credit Union's principal place of business is in Indiana. *Id.* at ¶ 4 (Ex. C at ¶ 10). Based on the information available, the Credit Union has localized its business operation in Indiana, supporting diversity jurisdiction in this action.

In sum, applying either standard explained in *Navy Fed. Credit Union* or *Fed. Home Loan Bank*, New York Marine properly asserted diversity jurisdiction, which supports this Court continuing to exercise jurisdiction in this action.

2. **Dilley's intervention does not clearly defeat diversity and if it does, then intervention is inappropriate under Fed. R. Civ. P. 19(b) factors.**

Dilley seeks to intervene in this action, relying on Fed. R. Civ. P. 19(a) and 24. ECF 18. When an absent party would destroy diversity jurisdiction, rule 19(a) for necessary parties is inapplicable. *Sino Sports & Entm't, Inc. v. Champ Car World Series LLC*, No. 07-cv-0789-DFH-TAB, 2008 U.S. Dist. LEXIS 74541, at *4 (S.D. Ind. Sept. 26, 2008). In such a circumstance, a court must conduct an analysis under Fed. R. Civ. P. 19(b) whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* at *10. The relevant factors to guide this analysis are:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>   (A) protective provisions in the judgment;
>   (B) shaping the relief; or
>   (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b); *see also Sino Sports & Entm't, Inc.*, 2008 U.S. Dist. LEXIS 74541, at *10.

At the time New York Marine commenced this action, diversity jurisdiction supported this Court having authority to address the dispute as the amount in controversy exceeded $75,000.00 and New York Marine and the Credit Union had complete diversity. Dilley's motion to intervene does not make any assertion that his intervention would destroy diversity jurisdiction. *See* ECF 18; *see also* ECF 22 at 3 ("[H]e does not include any allegations as to his domicile or citizenship, so

5

the Court is unable to determine whether his intervention would impact the Court's jurisdiction should his motion be granted."). Dilley seeks to intervene on his own behalf and appear as a Defendant in this matter. *See* ECF 18. The Indiana state court has not certified the class in the underlying action between the Credit Union and Dilley. *Aff. of Nicholas Sideras* at ¶ 5. The only consideration for this Court is whether Dilley is a citizen of the same state as New York Marine.

Dilley alleged in his original counterclaim in the underlying lawsuit that he is "an Indiana resident" and a "resident of Kosciusko County." *Aff. of Nicholas Sideras* at ¶ 6 (Ex. D at 3 ¶¶ 2–3). "[R]esidence and citizenship are not synonyms." *7E Fit Spa Licensing Grp. LLC v. 7EFS of Highland Rranch, LLC*, No. 15-cv-01109-TWP-MPB, 2016 U.S. Dist. LEXIS 123831, at *24 (S.D. Ind. Sept. 13, 2016) (quotation omitted). Citizenship requires evaluating "two elements: (1) physical presence or residence in a state, and (2) an intent to remain in the state." *Id.* (quotation omitted). Dilley's admission in his pleadings supports a determination that he is a resident of Indiana. *See Aff. of Nicholas Sideras* at ¶ 6 (Ex. D at 3 ¶¶ 2–3). A public record search shows that Dilley lives in Warsaw, Indiana. *Id.* at ¶ 7. Dilley owns his residence in Warsaw, Indiana, subject to a mortgage. *Id.* Dilley has lived at this residence since May 2017. *Id.* at ¶ 5. Dilley also is listed as an active Indiana voter, voting most recently in November 2022. *Id.* Dilley has eight active judgments against him from 2007 to 2021, which all list an address for him in a city in Indiana. *Id.* From the information available to New York Marine, Dilley is a resident of Indiana with an intent to remain in this state based on his consistent residence in Indiana for years. *See id.* at ¶¶ 6–7.

In the event that Dilley's intervention would destroy diversity, this Court must evaluate the factors under Fed. R. Civ. P. 19(b), which in their totality favor not allowing intervention. First, the judgment in this case would not prejudice Dilley. The complaint filed with this Court identifies that insurance coverage is not afforded under the policies because the Credit Union failed to timely

notify New York Marine of the claim. *See* ECF 2 at ¶¶ 108–10. The lack of coverage afforded under the policies would not prejudice Dilley from obtaining relief from the Credit Union in his underlying action, it merely limits funds from the insurance policies relevant to this lawsuit paying any portion potentially owed to him. Second, this Court may remedy any potential prejudice in its judgment, identifying that this coverage action does not bar Dilley's personal action or the putative class action from obtaining relief from the Credit Union. Third, the judgment that this Court would offer in favor of New York Marine would be adequate, as it would only bar insurance coverage to New York Marine's insured. Finally, New York Marine would not have an adequate remedy if this matter were dismissed, forcing this matter into Indiana State Court as a foreign insurance company against the Credit Union, with its principal place of business and localized activities in the State of Indiana. *See Campanelli v. Univ. of Notre Dame DU LAC*, No. 23-cv-864-PPS-JPK, 2023 U.S. Dist. LEXIS 199648, at *5 (N.D. Ind. Nov. 6, 2023) (recognizing diversity protects out-of-state parties from being "'homered' by a local" party).

## CONCLUSION

Principally, New York Marine properly commenced this declaratory-judgment action against the Credit Union based on diversity jurisdiction. The amount in controversy in this coverage action exceeds $75,000.00 and New York Marine and the Credit Union are completely diverse under the standards addressed in *Navy Fed. Credit Union* and *Fed. Home Loan Bank*. Further, Dilley's motion to intervene does not assert that any such intervention would destroy diversity between the parties in the lawsuit. To the extent that Dilley's intervention would destroy diversity jurisdiction, this Court must apply the factors in Fed. R. Civ. P. 19(b), which compels denying intervention. Accordingly, this Court should: (a) find that New York Marine properly commenced this action based on diversity jurisdiction as the amount in controversy exceeds $75,000.00 and New York Marine and the Credit Union are completely diverse; and (b) either

(1) grant Dilley's intervention to the extent it does not defeat diversity jurisdiction; or, (2) if the Court determines diversity jurisdiction would be destroyed by Dilley's intervention, deny Dilley's motion to intervene in accordance with the factors in Fed. R. Civ. P. 19(b).

        KOPKA PINKUS DOLIN

        /s/ Minh C. Wai
        Minh C. Wai, Esq.
        9801 Connecticut Drive
        Crown Point, IN 46307
        Phone: (219) 794-1888

        Ricardo J. Aguirre, Esq.
        11711 North Merdian Street, Suite 350
        Carmel, IN 46032
        Phone: (317) 818-1390

        In association with:
        Joshua A. Dorothy, Esq. (*pro hac vice*)
        Nicholas J. Sideras, Esq. (*pro hac vice*)
        Gregerson, Rosow, Johnson & Nilan, Ltd.
        100 Washington Avenue South, Suite 1550
        Minneapolis, MN 55401
        Phone: (612) 338-0755

        **ATTORNEYS FOR NEW YORK MARINE AND GENERAL INSURANCE COMPANY**