**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 3:24-cv-00177-DRL-MGG |
| NOTRE DAME FEDERAL CREDIT UNION, | ) ) ) | |
| Defendant. | ) | |

<u>**DEFENDANT NOTRE DAME FCU'S ANSWER TO PLAINTIFF'S COMPLAINT**</u>

Defendant Notre Dame Federal Credit Union ("Notre Dame FCU" or "Defendant"), by counsel, and for its Answer to Plaintiff's Complaint states as follows:

**I.      PARTIES**

1.      New York Marine is a corporation domiciled under the laws of the State of New York, with its principal place of business in Morristown, New Jersey. New York Marine is duly qualified and authorized to transact its business within the State of Indiana.

<u>ANSWER</u>: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 1.

2.      Upon information and belief, the Credit Union is a federally chartered financial cooperative regularly engaged in the business of providing retail banking services to its members. The Credit Union's principal place of business is 1828 Moreau Drive, Notre Dame, IN 46556.

<u>ANSWER</u>: Defendant admits the allegations of Paragraph 2 as a federally chartered credit union.

## II.     JURISDICTION AND VENUE

3.     This Court has the power to determine the parties' respective rights and other legal obligations as requested herein pursuant to the Federal Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202. The dispute between New York Marine and the Credit Union, discussed below, creates an actual controversy for this Court to adjudicate.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 3.

4.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 4.

5.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(1), because the Credit Union is located in this judicial district.

ANSWER: Defendant admits the allegations of Paragraph 5.

## III.     FACTUAL ALLEGATIONS

### A.  Summary of the Underlying Litigation

6.     This declaratory judgment action concerns whether, under two insurance policies issued by New York Marine to the Credit Union, New York Marine has any duty to defend or indemnify the Credit Union with respect to a counterclaim asserted against the Credit Union ("Dilley's Counterclaim") in a lawsuit commenced by the Credit Union.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 6.


**B.      New York Marine's Management and Security Liability Policy 2020-23**

7.      New York Marine issued Management and  Security Liability  Policy  No. PL202000003200 (the "2020-23 Policy") to the Credit Union.

ANSWER: Defendant admits the allegations of Paragraph 7.


8.      A true and correct copy of the 2020-23 Policy is attached as Exhibit A.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 8.


9.      The 2020-23 Policy is a "claims-made" policy.

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.


10.      The Declarations page of the 2020-23 Policy states in all-capitalized, bolded, and italicized text: "THIS IS A CLAIMS-MADE POLICY." (ML DS 21 0213, page 1 of 3.)

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

11.    Insuring Agreement C of the 2020-23 Policy states:

If Entity Insuring Agreement is granted as shown in Item 3. (A) on the Declarations, the **insurance organization** shall pay on behalf of any **insured organization**, **loss** for which the **insured organization** is legally obligated to pay, as a result of any **claim** first made during the **policy period** against the **insured organization**, individually or otherwise, or, if exercised, during the Extended Reporting Period, for a **wrongful management liability act**.

(ML 00 01 0213, page 1 of 42.)

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

12.    Insuring Agreement K of the 2020-23 Policy states:

If Lender Liability Insuring Agreement is granted as shown in Item 3. (A) on the Declarations, the **insurance organization** shall pay on behalf of any **insured, loss** for which the insured is legally obligated to pay as a result of any **claim** brought by a:

1.  **Borrower** first made during the **policy period** against the **insured**, individually or otherwise, or, if exercised, during the Extended Reporting Period, for a **wrongful lending liability act** or a **wrongful vicarious lending liability act**; or

2.  Lien holder, other than the **insured organization**, first made during the **policy period** against the **insured**, individually or otherwise, or, if exercised, during the Extended Reporting Period, based solely on the status of the **insured organization** as a lien holder or secured party.

(ML 00 01 0213, page 8 of 42.)

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

13.    The 2020-23 Policy defines "**claim**" as follows:

4

**Claim** means any of the following, for any **wrongful act**, including any appeal therefrom:

   a.   A written demand to any **insured** for monetary damages or legal or equitable non-monetary relief;

   b.   A civil proceeding brought against any **insured** commenced by the service of a complaint or similar pleading;

   . . .

   e.   A written request to participate in an arbitration, mediation or other alternative dispute resolution proceeding if an **insured** is obligated to participate in such proceeding or if an **insured** agrees to participate in such proceeding, with the **insurance organization's** written consent; . . . .

(ML 00 01 0213, page 36 of 42.)

ANSWER: The Policy and Declarations page speak for themselves. Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

    14.    With respect to when a "**claim**" is first made, the 2020-23 Policy provides:

For the purposes of this Policy, all **claims**, including any **claims** made during an Extended Reporting Period, arising out of the same **wrongful act** and all **interrelated wrongful acts** of the **insureds** shall be deemed one **claim**, and such **claim** shall be deemed to be first made against the **insureds** on the date the earliest of such **claims** is first made against them, regardless of whether such date is before or during the **policy period**.

(ML 00 01 0213, page 31 of 42.)

ANSWER: The Policy and Declarations page speak for themselves. Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

    15.    With respect to reporting of a "**claim**," the 2020-23 Policy provides:

As a condition precedent to the right to receive the benefit of any coverage provided by this Policy, the **insureds** must give written notice to the **insurance organization** of any **claim** as soon as practicable, but in no event later than 60 days from the expiration of the **policy period** or, if elected, no later than the expiration of the Extended Reporting Period.

(Claims Reporting Endorsement, page 1 of 1.)

ANSWER: The Policy and Declarations page speak for themselves. Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

16.     The "**policy period**" of the 2020-23 Policy is from April 17, 2020, to April 17, 2023. (ML 00 01 0213, page 39 of 42; see also ML DS 21 0213, page 1 of 3.)

ANSWER: Defendant admits the allegations of Paragraph 16.

17.     The Credit Union did not elect the Extended Reporting Period under the 2020- 23 Policy.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 17.

18.     New York Marine is the "**insurance organization**" under the 2020-23 Policy. (ML 00 01 0213, page 37 of 42; see also ML DS 21 0213, page 1 of 3.)

ANSWER: Defendant admits the allegations of Paragraph 18.

19.     The Credit Union is the "**insured organization**" and an "**insured**" under the 2020-23 Policy. (ML 00 01 0213, page 38 of 42; ML 00 01 0213, page 37 of 42; see also ML DS 21 0213, page 1 of 3.)

ANSWER: Defendant admits the allegations of Paragraph 19.

20.     The 2020-23 Policy defines "**Loss**" as:

> **Loss** does not mean or include any of the following:
> a.  Civil or criminal fines, penalties, sanctions, injunctive relief, orders of forfeiture, or restitution and disgorgement, except:
>     1)  To the extent included in paragraphs c., d. or i. above; or
>     2)  For the 5% penalty under Section 502(i) and the 20% penalty under section 502(l) of the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C.A. §1 et seq.), as amended; or . . . .
>
> Only for the purpose of determining applicable law regarding whether such liquidated, punitive, exemplary or multiplied damages are insurable under this Policy, the law of the jurisdiction most favorable to the insurability of those damages shall control, provided that such jurisdiction is where:
>
> a.      Those damages were awarded or imposed;
> b.      Any **wrongful act** occurred for which such damages were awarded or imposed;
> c.      The **insured** resides, is incorporated or has its principal place of business; or
> d.      The **insurance organization** is incorporated or has its principal place of business.

(ML 00 01 0213, page 39 of 42.)

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

21.     Under the Defense and Settlement Condition, as modified by the Credit Union Advantage Endorsement-Select, in the 2020-2023 Policy:

1. The **insureds** agree not to settle or offer to settle any **claim**, incur any defense costs or otherwise assume any contractual obligation, admit any liability, voluntarily make any payment or confess or otherwise agree to any damages or judgments with respect to any **claim** covered by this Policy without the **insurance organization's** written consent, which shall not be unreasonably withheld. The **insurance organization** shall not be liable for any loss based upon settlement, **defense costs**, assumed obligation, admitted liability, voluntary payment, or confessed or agreed damages or judgment to that it has not consented.

2. The **insurance organization** shall be entitled to full cooperation and all information and particulars it may reasonably request from the **insureds** in order to conduct its investigation or to reach a settlement of the **claim**. The **insureds** agree that in the event of a **claim**, the **insureds** shall do nothing that may prejudice the **insurance organization** or its potential or actual rights of recovery.

   . . .

7. The **insurance organization** shall have the right and duty to select defense counsel and defend any **claim** covered under this Policy. The **insurance organization's** duty to defend claims shall apply even if any of the allegations are groundless, false or fraudulent, but shall only obligate the **insurance organization** to pay **defense costs**.

(ML 00 14 0213, page 4 of 4.)

    <u>ANSWER</u>: The Policy and Declarations page speak for themselves. Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

    22.    Additional terms, conditions, definitions, and exclusions are set forth in the 2020-23 Policy.

    <u>ANSWER</u>: The Policy and Declarations page speak for themselves. Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

23.    New York Marine issued Policy Change No. 1, effective March 8, 2021, to the 2020-23 Policy.

<u>ANSWER</u>: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 23.

24.    A true and correct copy of Policy Change No. 1 to the 2020-23 Policy is attached as Exhibit B.

<u>ANSWER</u>: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 24.

**C.    New York Marine's Management and Security Liability Policy 2023-2026**

25.    New    York    Marine issued    Management and        Security        Liability Policy No. PL202300003200 (the "2023-26 Policy") to the Credit Union.

<u>ANSWER</u>: Defendant admits the allegations of Paragraph 25.

26.    A true and correct copy of the 2023-26 Policy is attached as Exhibit C.

<u>ANSWER</u>: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 26.

27.    The 2023-26 Policy is a "claims-made" policy.

<u>ANSWER</u>: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

9

28.    The Declarations page of the 2023-26 Policy states in all-capitalized, bolded, and italicized text: "***THIS IS A CLAIMS-MADE POLICY.***" (ML DS 21 0213, page 1 of 4).

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

29.    Insuring Agreement C of the 2023-26 Policy states:

If Entity Insuring Agreement is granted as shown in Item 3. (A) on the Declarations, the **insurance organization** shall pay on behalf of any **insured organization**, **loss** for which the **insurance organization** is legally obligated to pay, as a result of any **claim** first made during the **policy period** against the **insured organization**, individually or otherwise, or, if exercised, during the Extended Reporting Period, for a **wrongful management liability act**.

(ML 00 01 0213, page 1 of 42).

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

30.    Insuring Agreement K of the 2023-26 Policy states:

If Lender Liability Insuring Agreement is granted as shown in Item 3. (A) on the Declarations, the **insurance organization** shall pay on behalf of any **insured**, **loss** for which the insured is legally obligated to pay as a result of any **claim** brought by a:

1. **Borrower** first made during the **policy period** against the insured, individually or otherwise, or, if exercised, during the Extended Reporting Period, for a **wrongful lending liability act** or a **wrongful vicarious lending liability act**; or

2. Lien holder, other than the **insured organization**, first made during the **policy period** against the **insured**, individually or otherwise, or, if exercised, during the Extended Reporting

Period, based solely on the status of the **insured organization** as a lien holder or secured party.

(ML 00 01 0213, page 8 of 42.)

ANSWER: The Policy and Declarations page speak for themselves. Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

31.    The 2023-26 Policy defines "**claim**" as follows:

**Claim** means any of the following, for any **wrongful act**, including any appeal therefrom:

a. A written demand to any **insured** for monetary damages or legal or equitable non-monetary relief;

b. A civil proceeding brought against any **insured** commenced by the service of a complaint or similar pleading;

. . .

e. A written request to participate in an arbitration, mediation or other alternative dispute resolution proceeding if an **insured** is obligated to participate in such a proceeding or if an **insured** agrees to participate in such proceeding, with the **insurance organization's** written consent; . . . .

(ML 00 01 0213, page 36 of 42.)

ANSWER: The Policy and Declarations page speak for themselves. Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

32.    With respect to when a "claim" is first made, the 2023-26 Policy provides:

For the purposes of this Policy, all **claims**, including any **claims** made during an Extended Reporting Period, arising out of the same **wrongful act** and all **interrelated wrongful acts** of the **insureds** shall be deemed one **claim**, and such **claim** shall be deemed to be first made against the **insureds** on the date the earliest of such

**claims** is first made against them, regardless of whether such date is before or during the **policy period**.

(ML 00 01 0213, page 31 of 42.)

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

33.    The "**policy  period**" of the 2023-26 Policy is from April 17, 2023, to April 17, 2026. (ML 00 01 0213, page 39 of 42; see also ML DS 21 0213, page 1 of 4.)

ANSWER: Defendant admits the allegations of Paragraph 33.

34.    New York Marine is the "insurance organization" under the 2023-26 Policy. (ML 00 01 0213, page 37 of 42; see also ML DS 21 0213, page 1 of 4.)

ANSWER: Defendant admits the allegations of Paragraph 34.

35.    The Credit Union is the "insured organization" and an "insured" under the 2023-26 Policy. (ML 00 01 0213, page 38 of 42; ML 00 01 0213, page 37 of 42; see also ML DS 210213, page 1 of 4.)

ANSWER: Defendant admits the allegations of Paragraph 35.

36.    Additional terms, conditions, definitions, and exclusions are set forth in the 2023-26 Policy.

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

**D.      Credit Union Commences Lawsuit Against David Dilley**

37.     On September 10, 2021, the Credit Union commenced an action against David Dilley ("Dilley") for defaulting on a contract, in Indiana State Superior Court, Kosciusko County, Case No. 43D04-2109-CC-000568 (the "Lawsuit").

<u>ANSWER</u>: Defendant admits the allegations of Paragraph 37.


38.     In the Credit Union's Complaint, the Credit Union sought, among other forms of relief, a judgment in the amount of $7,992.49, plus contractual interest from the last date of payment, reasonable attorney fees, and cost of the proceedings.

<u>ANSWER</u>: Defendant admits the allegations of Paragraph 38.


**E.      David Dilley Asserts Counterclaim against Credit Union for Alleged UCC Violations**

39.     On October 22, 2021, Dilley filed an Answer and Counterclaim in the Lawsuit.

<u>ANSWER</u>: Defendant admits the allegations of Paragraph 39.


40.     A true and correct copy of the Answer and Counterclaim is attached as Exhibit D.

<u>ANSWER</u>: Defendant admits the allegations of Paragraph 40.


41.     In Count I of the Answer and Counterclaim, Dilley asserted UCC violations under IC §§ 26-1-9.1-601 through 26-1-9.1-628, regarding a consumer note related to a 2015 Jeep Grand Cherokee.

ANSWER: The Answer and Counterclaim speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Answer and Counterclaim, and admits all allegations that are consistent.

42.     In Count II of the Answer and Counterclaim, Dilley asserted UCC violations under IC §§ 26-1-9.1-601 through 26-1-9.1-628, regarding a consumer note related a 2016 KZ Recreational Vehicle.

ANSWER: The Answer and Counterclaim speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Answer and Counterclaim, and admits all allegations that are consistent.

43.     In Count III of the Answer and Counterclaim, Dilley asserted UCC violations under IC §§ 26-1-9.1-601 through 26-1-9.1-628, regarding a consumer note related to a 2012 Polaris ATV.

ANSWER: The Answer and Counterclaim speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Answer and Counterclaim, and admits all allegations that are consistent.

44.     In the Answer and Counterclaim, Dilley sought statutory relief under the UCC, interest, declaratory relief, injunctive relief, and attorney fees.

ANSWER: The Answer and Counterclaim speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Answer and Counterclaim, and admits all allegations that are consistent.

45.    On or about October 22, 2021, the Credit Union did not report Dilley's Counterclaim to New York Marine.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 45.

**F.     The Credit Union Answered Dilley's Counterclaim**

46.    On November 11, 2021, the Credit Union answered, through counsel, Dilley's Counterclaim denying the allegations.

ANSWER: Defendant admits the allegations of Paragraph 46.

47.    The Credit Union's counsel that filed the Answer to the Counterclaim was Krisor & Associates.

ANSWER: Defendant admits the allegations of Paragraph 47.

48.    The Credit Union did not report Dilley's Counterclaim to New York Marine and did not seek New York Marine's approval for Krisor & Associates to represent the Credit Union with respect to Dilley's Counterclaim.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 48.

**G.     Dilley Amended the Counterclaim to Assert a Class Action against the Credit Union**

49.    On February 14, 2022, Dilley filed a Motion for Leave to Amend Original Answer and Counterclaim.

ANSWER: Defendant admits the allegations of Paragraph 49.


50.    In the Motion for Leave to Amend, Dilley asserted that he was seeking leave to amend to add class-action allegations based on the Credit Union's alleged standard practice of using presale notices and post-sale notices that violate IC § 26-1-9.1-601 et seq.

ANSWER: The Motion for Leave to Amend speaks for itself.  Defendant denies all allegations that are inconsistent with the express language of the Motion for Leave to Amend, and admits all allegations that are consistent.


51.    On or about February 14, 2022, the Credit Union did not report to New York Marine that Dilley was seeking to add class action allegations to Dilley's Counterclaim or that a counterclaim had been filed against the Credit Union.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 51.


52.    On March 17, 2022, the Credit Union, through counsel, filed a Motion for Enlargement of Time to Respond to Motion for Leave to Amend Original Answer and Counterclaim.

ANSWER: Defendant admits the allegations of Paragraph 52.


53.    In the motion for enlargement of time, the Credit Union stated that it had just retained attorneys from Kreig DeVault, LLP, who needed time to familiarize themselves with the case.

16

ANSWER: The motion for enlargement of time speaks for itself. Defendant denies all allegations that are inconsistent with the express language of the motion for enlargement of time, and admits all allegations that are consistent.

54.     The Credit Union did not seek approval from New York Marine for Kreig DeVault, LLP to represent the Credit Union in connection with Dilley's Counterclaim.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 54.

55.     Furthermore, despite retaining additional counsel to defend against Dilley's Counterclaim as a potential class action, the Credit Union did not report Dilley's Counterclaim to New York Marine.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 55.

56.     Since approximately March 17, 2022, the Credit Union has been represented in the Lawsuit by Kreig DeVault, LLP and Krisor & Associates.

ANSWER: Defendant admits the allegations of Paragraph 56.

57.     The Credit Union never sought approval from New York Marine for Kreig DeVault, LLP or Krisor & Associates to represent the Credit Union in the Lawsuit.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 57.

58.     On March 17, 2022, the Superior Court granted the Credit Union's motion for enlargement of time to respond to Dilley's motion for leave to amend.

ANSWER: Defendant admits the allegations of Paragraph 58.

59.     On September 19, 2022, the Superior Court granted Dilley's motion for leave to amend and denied the Credit Union's opposition.

ANSWER: Defendant admits the allegations of Paragraph 59.

60.     On September 20, 2022, Dilley filed a First Amended Answer and Counterclaim.

ANSWER: Defendant admits the allegations of Paragraph 60.

61.     A true and correct copy of the First Amended Answer and Counterclaim is attached as Exhibit E.

ANSWER: Defendant admits the allegations of Paragraph 61.

62.     In the First Amended Answer and Counterclaim, Dilley asserted a class action to redress the Credit Union's alleged unlawful repossession practices and procedures.

ANSWER: The First Amended Answer and Counterclaim speak for themselves. Defendant denies all allegations that are inconsistent with the express language of the First Amended Answer and Counterclaim, and admits all allegations that are consistent.

63.     In Count I of the First Amended Answer and Counterclaim, Dilley asserted UCC violations under IC §§ 26-1-9.1-611 through 26-9.1-614.

ANSWER: The First Amended Answer and Counterclaim speak for themselves. Defendant denies all allegations that are inconsistent with the express language of the First Amended Answer and Counterclaim, and admits all allegations that are consistent.

64.     In Count II of the First Amended Answer and Counterclaim, Dilley asserted UCC violations under IC § 26-1-9.1-616.

ANSWER: The First Amended Answer and Counterclaim speak for themselves. Defendant denies all allegations that are inconsistent with the express language of the First Amended Answer and Counterclaim, and admits all allegations that are consistent.

65.     In the First Amended Answer and Counterclaim, Dilley sought statutory relief under the UCC, interest, attorney fees, injunctive relief, and declaratory relief.

ANSWER: The First Amended Answer and Counterclaim speak for themselves. Defendant denies all allegations that are inconsistent with the express language of the First Amended Answer and Counterclaim, and admits all allegations that are consistent.

66.     On or about September 20, 2022, the Credit Union did not report Dilley's Counterclaim to New York Marine.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 66.

H.    **Dilley Amends Dilley's Counterclaim a Second Time**

67.    On November 16, 2022, the Credit Union filed, through counsel, an Answer and Affirmative Defenses to Amended Counterclaim.

ANSWER: Defendant admits the allegations of Paragraph 67.

68.    On May 8, 2023, the Indiana Superior Court in the Lawsuit granted the Credit Union leave to amend its answer to Dilley's Counterclaim.

ANSWER: Defendant admits the allegations of Paragraph 68.

69.    On May 18, 2023, the Credit Union filed, through counsel, an Amended Answer and Affirmative Defenses to Amended Counterclaim.

ANSWER: Defendant admits the allegations of Paragraph 69.

70.    On May 23, 2023, Dilley filed a Second Amended Answer and Counterclaim.

ANSWER: Defendant admits the allegations of Paragraph 70.

71.    A true and correct copy of the Second Amended Answer and Counterclaim is attached as Exhibit F.

ANSWER: Defendant admits the allegations of Paragraph 71.

72.    In Count I of the Second Amended Answer and Counterclaim, Dilley asserted UCC violations under IC §§ 26-1-9.1-611 through 26-9.1-614.

ANSWER: The Second Amended Answer and Counterclaim speak for themselves. Defendant denies all allegations that are inconsistent with the express language of the First Amended Answer and Counterclaim, and admits all allegations that are consistent.

73.    In Count II of the Second Amended Answer and Counterclaim, Dilley asserted UCC violations under IC § 26-1-9.1-616.

ANSWER: The Second Amended Answer and Counterclaim speak for themselves. Defendant denies all allegations that are inconsistent with the express language of the First Amended Answer and Counterclaim, and admits all allegations that are consistent.

74.    On or about May 23, 2023, the Credit Union did not report Dilley's Counterclaim to New York Marine.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 74.

75.    On June 2, 2023, the Credit Union, through counsel, filed a Motion for Enlargement of Time to Respond to Discovery Requests.

ANSWER: Defendant admits the allegations of Paragraph 75.

76.    On June 5, 2023, the Indiana Superior Court granted the Credit Union an extension to respond to discovery by July 5, 2023.

ANSWER: Defendant admits the allegations of Paragraph 76.

77.     On June 12, 2023, the Credit Union filed, through counsel, an Answer and Affirmative Defenses to Second Amended Counterclaim.

ANSWER: Defendant admits the allegations of Paragraph 77.

78.     On June 30, 2023, the Credit Union filed, through counsel, a Motion for Indefinite Enlargement of Time to Respond to Discovery Requests.

ANSWER: Defendant admits the allegations of Paragraph 78.

79.     In its Motion for Indefinite Enlargement of Time to Respond to Discovery Requests, the Credit Union asserted that the Credit Union and Dilley were currently engaged in settlement discussions to resolve the matter.

ANSWER: The Motion for Indefinite Enlargement of Time to Respond to Discovery Requests speaks for itself.  Defendant denies all allegations that are inconsistent with the express language of the Motion for Indefinite Enlargement of Time to Respond to Discovery Requests, and admits all allegations that are consistent.

80.     On July 3, 2023, the Superior Court granted the Credit Union's Motion for Indefinite Enlargement of Time to Respond to Discovery Requests.

ANSWER: Defendant admits the allegations of Paragraph 80.

## I.      The Credit Union Reports the Lawsuit to New York Marine

81.    On October 10, 2023, almost two years after Dilley's Counterclaim was filed, the Credit Union notified Allied Solutions ("Allied") via email of Dilley's Counterclaim for the first time.

ANSWER: Defendant admits that it provided notice of Dilley's Counterclaim but is without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 81.

82.    On October 11, 2023, New York Marine received the first notice of Dilley's Counterclaim via email from Allied.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 82.

83.    A true and correct copy of the Credit Union's and Allied's October 10-11, 2023, emails are attached as Exhibit G.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 83.

84.    On October 13, 2023, New York Marine, via email, acknowledged receipt of the Credit Union's first notice of Dilley's Counterclaim.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 84.

85.    A true and correct copy of New York Marine's October 13, 2023, email is attached as Exhibit H.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 85.

86.    In the October 13, 2023, email, New York Marine stated that no prior notice of Dilley's Counterclaim had been made prior to October 11, 2023.

ANSWER: The October 13, 2023 email speaks for itself.  Defendant denies all allegations that are inconsistent with the express language of the October 13, 2023 email, and admits all allegations that are consistent.

87.    In the October 13, 2023, email, New York Marine's claims representative wrote:

> We are currently reviewing the late notice issue and will advise further. The policy requires as a condition precedent that notice must be received as soon as practicable, but no later than 60 days after expiration of the policy period. The Counterclaim was filed during the 4-17-2020 to 4-17-2023 policy period. If you have information indicating prior notice was sent to Coaction, formerly known as Prosight Specialty, prior to October 11, 2023, please provide such information for immediate review. New York Marine expressly reserves all rights and defenses as provided by the Liability Policy, as well as by law and in equity.

ANSWER: The October 13, 2023 email speaks for itself.  Defendant denies all allegations that are inconsistent with the express language of the October 13, 2023 email, and admits all allegations that are consistent.

88.    The Credit Union did not supply any information or documents showing it notified New York Marine of Dilley's Counterclaim before October 11, 2023.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 88.

89.    On November 13, 2023, New York Marine sent a coverage determination letter to the Credit Union.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 89.

90.    A true and correct copy of the November 13, 2023, coverage determination letter is attached as Exhibit I.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 90.

91.    In the November 13, 2023, coverage determination letter, New York Marine stated that the claim had not been "provided to New York Marine for almost two years from the date of filing of the Counterclaim and more than 60 days after expiration of the policy period. Notice of the claim [was] untimely. Consequently [New York Marine] must respectfully decline coverage for this matter."

ANSWER:  The November 13, 2023 coverage determination letter speaks for itself. Defendant denies all allegations that are inconsistent with the express language of the November 13, 2023 coverage determination letter, and admits all allegations that are consistent.

92.     On November 29, 2023, the Credit Union, through counsel, sent correspondence to New York Marine, disputing New York Marine's coverage position.

ANSWER: Defendant admits the allegations of Paragraph 92.

93.     In the Credit Union's November 29, 2023, letter, the Credit Union did not deny that it failed to timely report Dilley's Counterclaim under the 2020-23 Policy.

ANSWER: The Credit Union's November 29, 2023, letter speaks for itself.  Defendant denies all allegations that are inconsistent with the express language of the Credit Union's November 29, 2023, letter, and admits all allegations that are consistent.

94.     On January 17, 2024, counsel for New York Marine responded to the Credit Union through written correspondence.

ANSWER:  Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 94.

95.     On February 1, 2024, the Credit Union for the first time notified New York Marine that the Credit Union and Dilley previously attended mediation that was unsuccessful and at which the Credit Union made settlement offers.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 95.

96.     Not having ever been informed of the mediation, New York Marine had no opportunity for involvement in or consent to the settlement discussions.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 96.


## COUNT I - DECLARATORY JUDGMENT (2020- 23 POLICY)

97.     New York Marine hereby incorporates by reference the allegations contained in Paragraphs 1-96 of this Complaint as if set forth fully herein.

ANSWER: Defendant incorporates by reference its responses to Paragraphs 1 through 96 as if fully stated herein.


98.     To trigger potential coverage under the 2020-23 Policy, there must be a loss resulting from a "claim first made during the policy period."

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.


99.     Under the 2020-23 Policy, Dilley's Counterclaim is a "claim."

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.


100.    Under the 2020-23 Policy, Dilley's Counterclaim is a "claim" first made no later than when Dilley filed his Answer and Counterclaim on October 22, 2021.

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

101.     Under the 2020-23 Policy, it is a "condition precedent" to coverage that the "insureds . . . give written notice to the insurance organization of any claim as soon as practicable, but in no event later than 60 days from the expiration of the policy period."

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

102.     The "policy period" of the 2020-23 Policy is April 17, 2020, to April 17, 2023.

ANSWER: Defendant admits the allegations of Paragraph 102.

103.     Sixty days after the expiration of the "policy period" of the 2020-23 Policy is June 16, 2023.

ANSWER: Defendant admits the allegations of Paragraph 103.

104.     The Credit Union first notified New York Marine of the "claim" on or about October 11, 2023.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 104.

105.    The Credit Union did not notify New York Marine of the "claim" within 60 days after the 2020-23 Policy expired on April 17, 2023.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 105.

106.    The Credit Union did not notify New York Marine of the "claim" "as soon as practicable" after the Credit Union became aware of the "claim."

ANSWER: Defendant denies the allegations of Paragraph 106.

107.    The Credit Union did not satisfy the 2020-23 Policy's condition precedent to trigger potential coverage.

ANSWER: Defendant denies the allegations of Paragraph 107.

108.    Because the Credit Union failed to timely report the "claim," New York Marine has no duty to defend the Credit Union against Dilley's Counterclaim under Insuring Agreement C of the 2020-23 Policy.

ANSWER: Defendant denies the allegations of Paragraph 108.

109.    Because the Credit Union failed to timely report the "claim," New York Marine has no duty to defend the Credit Union against Dilley's Counterclaim under Insuring Agreement K of the 2020-23 Policy.

ANSWER: Defendant denies the allegations of Paragraph 109.

110.    New York Marine is entitled to a declaration from this Court that the 2020- 23 Policy does not provide coverage for any "loss," including "defense costs," incurred by the Credit Union because the Credit Union failed to timely report the "claim."

ANSWER: Defendant denies the allegations of Paragraph 110.

111.    Under the 2020-23 Policy, the Credit Union "agree[d] not to settle or offer to settle any claim, incur any defense costs or otherwise assume any contractual obligations . . . without the insurance organization's written consent, which shall not be unreasonably withheld."

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

112.    The Credit Union offered to settle the "claim" and incurred "defense costs" without seeking or obtaining New York Marine's consent.

ANSWER: Defendant denies the allegations of Paragraph 112.

113.    New York Marine is entitled to a declaration from this Court that the Credit Union violated the above-quoted condition of the 2020-23 Policy, thereby barring coverage.

ANSWER: Defendant denies the allegations of Paragraph 113.

114.    Under the 2020-23 Policy, the Credit Union "agree[d] that in the event of a claim, the insureds shall do nothing that may prejudice the insurance organization or its potential or actual rights of recovery."

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

115.    The Credit Union's conduct of the Lawsuit and defense of Dilley's Counterclaim without New York Marine's knowledge or involvement has prejudiced New York Marine or its potential or actual rights of recovery.

ANSWER: Defendant denies the allegations of Paragraph 115.

116.    New York Marine is entitled to a declaration from this Court that the Credit Union violated the above-quoted condition of the 2020-23 Policy, thereby barring coverage.

ANSWER: Defendant denies the allegations of Paragraph 116.

117.    Under the 2020-23 Policy, New York Marine had "the right and duty to select defense counsel and defend any claim covered under this Policy."

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

118.    The Credit Union has defended Dilley's Counterclaim using defense counsel not selected by New York Marine.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 118.

119.    New York Marine is entitled to a declaration from this Court that the Credit Union violated the above-quoted condition of the 2020-23 Policy, thereby barring coverage.

ANSWER: Defendant denies the allegations of Paragraph 119.

120.    To the extent any coverage is afforded to the Credit Union, New York Marine is entitled to a declaration from this Court that the 2020-23 Policy does not cover "[c]ivil or criminal fines, penalties, sanctions, injunctive relief, orders of forfeiture, or restitution and disgorgement," which is the relief Dilley's Counterclaim seeks.

ANSWER: Defendant denies the allegations of Paragraph 120.

121.    Additional coverage limitations, definitions, conditions, and exclusions may exclude or limit coverage for the Credit Union with regard to Dilley's Counterclaim. New York Marine continues to fully reserve any and all rights, remedies, and defenses at law, in equity, and under the 2020-23 Policy in relation to Dilley's Counterclaim.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 121.

## COUNT II - DECLARATORY JUDGMENT (2023- 26 POLICY)

122.    New York Marine hereby incorporates by reference the allegations contained in Paragraphs 1-121 of this Complaint as if set forth fully herein.

ANSWER: Defendant incorporates by reference its responses to Paragraphs 1 through 121 as if fully stated herein.

123.    To trigger potential coverage under the 2023-26 Policy, there must be a loss resulting from a "claim first made during the policy period."

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

124.    Under the 2023-26 Policy, Dilley's Counterclaim is a "claim."

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

125.    Under the 2023-26 Policy, Dilley's Counterclaim is a "claim" first made no later than when Dilley filed his Answer and Counterclaim on October 22, 2021.

ANSWER: The Policy and Declarations page speak for themselves.  Defendant denies all allegations that are inconsistent with the express language of the Declarations page and Policy, and admits all allegations that are consistent.

126.    The "policy period" of the 2023-26 Policy is April 17, 2023, to April 17, 2026.

ANSWER: Defendant admits the allegations of Paragraph 126.

127.    Dilley's Counterclaim is a "claim" that was first made before the 2023-26 Policy's "policy period" began.

ANSWER: Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 127.

128.    Because Dilley's Counterclaim is a "claim" that was first made before the "policy period" of the 2023-26 Policy, New York Marine is entitled to a declaration from this Court that the 2023-26 Policy does not provide coverage to the Credit Union for Dilley's Counterclaim.

ANSWER: Defendant denies the allegations of Paragraph 128.

## AFFIRMATIVE DEFENSES

1.    Defendant incorporates by reference all affirmative defenses stated by Dilley in his Answer and Affirmative Defenses filed April 30, 2024 (Doc. 18-1).

2.    Defendant denies all allegations to which no response was made.

3.    Plaintiff's claims are barred under the doctrine of waiver and estoppel.

4.    Plaintiff's claims are barred because it has not been prejudiced.

WHEREFORE, Defendant Notre Dame FCU prays that Plaintiff recover nothing by way of its Complaint, that  judgment be entered in favor Notre Dame FCU and against the Plaintiff, that there be a determination that Plaintiff's coverage applies to the applicable underlying Lawsuit, for its costs, for attorney's fees, and for all other relief proper in the premises.

Respectfully submitted,

*/s/ Scott S. Morrisson*
Scott S. Morrisson, Attorney No. 11633-49
KRIEG DEVAULT LLP
12800 N. Meridian Street, Suite 300
Carmel, IN 46032
Telephone:    (317) 566-1110 (Main)
              (317) 238-6201 (Direct)
Facsimile:    (317) 636-1507
E-Mail:       smorrisson@kdlegal.com
*Attorneys for Defendant*
*Notre Dame Federal Credit Union*