UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>NOTRE DAME FEDERAL CREDIT UNION,<br><br>Defendant. | Case No.: 3:24-cv-00177-DRL-MGG |

**Proposed Intervenor David Dilley's Motion to Stay**

Proposed Intervenor David Dilley ("Dilley") moves the Court to stay the response-brief and reply-brief deadlines to Plaintiff's Motion for Judgment on the Pleadings (ECF 33).

1. On February 26, 2024, Plaintiff New York Marine and General Insurance Company ("Plaintiff") filed a Complaint for Declaratory Judgment against its insured, Notre Dame Federal Credit Union ("Credit Union). ECF 2.

2. Plaintiff's Complaint "concerns whether, under two insurance policies issued by New York Marine to the Credit Union, New York Marine has any duty to defend or indemnify the Credit Union with respect to a counterclaim asserted against the Credit Union ('Dilley's Counterclaim') in a lawsuit commenced by the Credit Union." ECF 2 ¶ 6.

3. On April 30, 2024, Dilley moved to intervene as a necessary party. ECF 18.

1

4. On July 2, 2024, the Court took Dilley's motion to intervene under advisement and ordered Plaintiff and Dilley "to supplement their filings as to the parties' citizenship so that the Court can be assured it has jurisdiction before proceeding with this case and ruling on the substance of Mr. Dilley's motion." ECF 22.

5. On July 15, 2022, Plaintiff and Dilley submitted their supplemental filings. ECF 23 and 24.

6. Dilley respectfully requests this Court stay the response-brief and reply-brief deadlines to Plaintiff's Motion for Judgment on the Pleadings (ECF 33) until the Court has decided it has jurisdiction and rules on the substance of Dilley's motion to intervene (ECF 18).

7. It's Dilley's position this Court lacks jurisdiction because there is no diversity between Plaintiff and Credit Union, but if the Court finds it has jurisdiction, then Dilley should be allowed to intervene and oppose Plaintiff's Motion for Judgment on the Pleadings (ECF 33). Indeed, Plaintiff asks the Court to "grant Dilley's intervention to the extent it does not defeat diversity jurisdiction[.]" ECF 24 at 8.

**Jurisdiction**

8. Plaintiff tries to invoke this Court's subject matter jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332. ECF 2 ¶ 4. "The party invoking diversity jurisdiction (most often the plaintiff) bears the burden of showing its existence." *Page v. Democratic National Committee*, 2 F.4th 630, 634 (7th Cir. 2021). Diversity jurisdiction "has always been strictly construed and the courts have refused to extend its application either by analogy, implication, or judicial interpretation." *Harris v.*

2

*Am. Legion*, 162 F. Supp. 700, 710 (S.D. Ind. 1958), *judgment aff'd*, 261 F.2d 594 (7th Cir. 1958) (adopting district court opinion "as the opinion of" the Seventh Circuit); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.")

9. Plaintiff has not—and cannot—show diversity jurisdiction exists because Credit Union is a "federally chartered credit union." ECF 27 ¶ 2. As with a federally chartered savings association, a federally chartered credit union is "not a citizen of any state, meaning it [is] not eligible for diversity jurisdiction[.]" *Hukic v. Aurora Loan Services*, 588 F.3d 420, 428 (7th Cir. 2009); *Harris*, 162 F. Supp. at 710 (same); *Rogers v. Relitz*, 2022 WL 17082035, at *4 (E.D. Wis. Nov. 18, 2022) (citing *Harris*).[1]

10. Although Congress has assigned state citizenship for diversity jurisdiction purposes over federally chartered entities, such as national banks, *see* 28 U.S.C. § 1348; farm credit banks, land bank associations, and farm credit associations, *see* 12 U.S.C. § 2258; savings associations, *see* 12 U.S.C. § 1464(x); Amtrak, *see* 49 U.S.C. § 24301(b); the Telecommunications Development Fund, *see* 47

---

[1] There "is no evidence that, in enacting § 1332(c), Congress intended to apply the 'principal place of business' criterion to federally chartered corporations as well as to corporations organized under state law." *Schneiderman v. Am. Chem. Soc'y*, 2021 WL 5122078, at *4 (E.D.N.Y. Sept. 28, 2021). "To the contrary, the overriding purpose of the 1958 amendment was to restrict the diversity jurisdiction of the federal courts by making it more difficult for corporations to attain complete diversity." *Id.* (internal quotes and brackets omitted) As explained in *Harris*, and adopted by the Seventh Circuit, "The dominant note in the successive enactments of Congress relating to diversity jurisdiction is one of jealous restriction. In defining the boundaries of diversity jurisdiction, this Court must be mindful of this guiding Congressional policy." *Harris*, 162 F. Supp. at 711. Plaintiff's arguments in favor of jurisdiction run counter to this Congressional policy because it would expand rather than restrict diversity jurisdiction as to federally chartered organizations.

U.S.C. § 614(b); and Fannie Mae, *see* 12 U.S.C. § 1717(a)(2), Plaintiff doesn't identify any provision in the Federal Credit Union Act or other act of Congress that assigns state citizenship to federally chartered credit unions for diversity jurisdiction. *See* 12 U.S.C. § 1751 *et seq.*; *cf.* Paul E. Lund, *Federally Chartered Corporations and Federal Jurisdiction,* 36 Fla. St. U. L. Rev. 317, 370 n.303 (2009) (noting "the statutes governing federal credit unions include no provision regarding federal jurisdiction").

11. Because no "'specific statutory provision dictates otherwise,' a federally chartered corporation is not a citizen of any state and therefore is 'not eligible for diversity jurisdiction.'" *Fed. Home Loan Bank of Indianapolis v. Banc of Am. Mortg. Sec.*, Inc., 2011 WL 2133539, at *2 (S.D. Ind. May 25, 2011) (quoting *Hukic*, 588 F.3d at 428).

12. Plaintiff also suggests there is jurisdiction if Credit Union "has localized activities" in Indiana. ECF 23 at 4. "In *Hukic*, the Seventh Circuit neither adopted nor expressed any opinion on the viability of the localization doctrine…." *Am. Airlines Fed. Credit Union v. Eck*, 2018 WL 2332065, at *2 (N.D. Ill. May 23, 2018). And permitting this judicially created exception would violate the Seventh Circuit's holding that diversity jurisdiction shouldn't be extended "by analogy, implication, or judicial interpretation." *Harris*, 162 F. Supp. at 710 (adopted by the Seventh Circuit).

13. Regardless, Credit Union's activities are not "localized in one state," *Hukic*, 588 F.3d at 428, because:

    a. Credit Union has at least two branches in Arizona and one in Michigan. ECF 24-1 at 3, 5, and 8; Ex. 1 at 2, 3, 6, and 8.

4

b. Credit Union has over "4,000 shared branch locations and 30,000 surcharge-free ATMs," which provides "checking access nationwide." *See* https://notredamefcu.com/checking/. This shows Credit Union isn't localized to Indiana. *Eck*, 2018 WL 2332065, at *3.

c. All U.S. citizens and resident aliens can join Credit Union because there are over 1,200 Affiliated Organizations that qualify for Credit Union membership, many of which are located outside Indiana. Ex 2.[2] Joining Credit Union can also be done online. *See* https://forms.joinmycu.com/mop/254/mop3/eligibility. This means Credit Union's "membership eligibility requirements are broad and not focused on [Indiana] residents." *Eck*, 2018 WL 2332065, at *2.

d. Credit Union offers mobile and online banking, which permits "account access anywhere, anytime" *see* https://notredamefcu.com/ways-to-bank/ and a Visa debit card for "purchases at millions of merchants worldwide." *See* https://notredamefcu.com/checking/. This shows Credit Union isn't localized to Indiana. *See, e.g.*, *Parks Heritage Fed. Credit Union v. Fiserv Sols., Inc.*, 2017 WL 74280, at *5 (S.D.N.Y. Jan. 4, 2017) (finding credit union's activities not localized in New York even where most of its members were New York residents, where the credit union "maintain[ed] a variety of capabilities that permit even those members to use its financial services outside the state," including

---

[2] Available at https://notredamefcu.com/wp-content/uploads/2022/10/FieldOfMembership.pdf.

5

issuing Visa credit cards that could be used worldwide, maintaining an interactive website and mobile app, and providing access to a network of 60,000 ATMs worldwide).

14. "The points identified above are not intended to represent an exhaustive list of relevant factors to be considered in the localization analysis; they are, however, sufficient for the Court to find that [Credit Union's] activities are not localized in [Indiana]." *Eck*, 2018 WL 2332065, at *4. Because Credit Union "is a national citizen and not a citizen of any state, complete diversity among the parties cannot be established, and the case" should be "dismissed without prejudice for lack of subject matter jurisdiction." *Eck*, 2018 WL 2332065, at *4; *Page*, 2 F.4th at 638 ("This attribution of statelessness destroys complete diversity and deprived the district court of the power to hear this case.")

**Intervention**

15. Plaintiff asks the Court to "grant Dilley's intervention to the extent it does not defeat diversity jurisdiction[.]" ECF 24 at 8. If this Court finds it has diversity jurisdiction between Plaintiff and Credit Union, Dilley's intervention will not defeat diversity because he does not share citizenship with Plaintiff. ECF 23.

WHEREFORE, Dilley respectfully requests this Court stay the response-brief and reply-brief deadlines to Plaintiff's Motion for Judgment on the Pleadings (ECF 33) until the Court has decided it has jurisdiction and rules on the substance of Dilley's motion to intervene (ECF 18), and for all other relief appropriate under the circumstances.

Respectfully submitted,

**ONDERLAW, LLC**

By: /s/ *Martin L. Daesch*
Martin L. Daesch #7852-95-TA
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
*Attorneys for Intervenor*

## Certificate of Service

I certify that on September 30, 2024, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Minh C. Wai, Esq.
Ricardo J. Aguirre, Esq.
**Kopka Pinkus Dolin**
9801 Connecticut Drive Crown Point, Indiana 46307
MCWai@kopkalaw.com
rjaguirre@kopkalaw.com

Joshua A. Dorothy
Nicholas J. Sideras
**Gregerson, Rosow, Johnson & Nilan, Ltd.**
100 Washington Avenue South, Suite 1550 Minneapolis, MN 55401
jdorothy@grjn.com
nsideras@grjn.com

Kay Dee Baird
**Krieg DeVault LLP**
One Indiana Square, Suite 2800
Indianapolis, IN 46204
kbaird@kdlegal.com

/s/ *Martin L. Daesch*