IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> NOTRE DAME FEDERAL CREDIT UNION, <br><br> Defendant. | Case No.: 24-cv-00177-DRL-SJF <br><br> **PLAINTIFF NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S MOTION FOR SUPPLEMENTAL BRIEFING OR INCORPORATION OF BRIEF IN SEPARATE COURT FILE** |

Plaintiff New York Marine and General Insurance Company ("New York Marine") moves the Court to either permit New York Marine the opportunity to respond to the jurisdictional arguments raised by proposed intervenor David Dilley ("Dilley") in ECF 36 or, in the alternative, consider the responsive brief filed by plaintiffs StarNet Insurance Company and Berkley National Insurance Company ("SIC-BNIC") in Court File No. 3:24-cv-597 as New York Marine's response.

1. On July 2, 2024, Magistrate Judge Michael G. Gotsch issued an order for New York Marine and Dilley "to supplement their filings as to the parties' citizenship so that the Court c[ould] be assured it ha[d] jurisdiction before proceeding with this case and ruling on the substance of Mr. Dilley's motion." ECF 22 at 3.

2. New York Marine submitted its jurisdictional statement, responding to Magistrate Judge Gotsch's request to supplement. ECF 24, 24-1.

3. Dilley also submitted a jurisdictional statement. ECF 23. Dilley did not assert that this Court lacked jurisdiction, only that he is a citizen and domiciled in Indiana at the time of the filing of the complaint. *Id.*

1

4.  If Dilley had made arguments as it relates to jurisdiction in his jurisdictional statement, New York Marine would have timely requested the opportunity to respond to those arguments. Because Dilley did not do so, New York Marine stood on its jurisdictional statement.

5.  On September 30, 2024—over two months after Magistrate Judge Gotsch requested statements on jurisdiction—Dilley filed a motion to stay responsive briefs to New York Marine's motion for judgment on the pleadings. ECF 36. However, Dilley's motion solely raised arguments related to jurisdiction. *See id.* at ¶¶ 7–14.

6.  New York Marine intended to respond to Dilley's motion to stay in accordance with local rules, which allow response briefs to motions, other than summary judgment and rule 12, "within 14 days after the motion is served." N.D. Ind. L.R. 7-1(d)(3). The deadline for New York Marine's response was October 14, 2024.

7.  On October 10, 2024, four days before New York Marine's time to respond to Dilley's motion to stay, this Court denied Dilley's motion to stay as moot, and denied New York Marine's motion for judgment on the pleadings (ECF 33) without prejudice until the jurisdictional issue could be addressed. ECF 40. In its order, this Court wrote:

> The proposed intervenor, David Dilley, filed a motion requesting that the court stay briefing on the motion for judgment on the pleadings until it rules on the motion to intervene, and he makes a jurisdictional argument [36], though in fairness he has advanced similar points in a companion case and here too.

*Id.* (bracketing in original)

8.  New York Marine did not have the opportunity to respond to Dilley's jurisdictional arguments made for the first time in the motion to stay (ECF 36), as the court denied Dilley's motion as moot. New York Marine also did not have the opportunity to respond to Dilley's arguments in the companion case of *StarNet Insurance Company and Berkley National Insurance*

2

*Company v. Notre Dame Federal Credit Union and David Dilley*, Court File No. 24-cv-000597-DRL-SJF, as New York Marine is not a party in that lawsuit.

9. New York Marine wants to avoid any claim of waiver as it relates to jurisdictional arguments made by Dilley in ECF 36, or in the companion case that this Court may consider where New York Marine is not a party, on the grounds that New York Marine has not had the opportunity to respond to Dilley's arguments in this matter. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (recognizing that a party's failure to respond to an argument constitutes waiver).

WHEREFORE, New York Marine respectfully requests this Court either: (1) grant New York Marine the opportunity to file a supplemental brief on jurisdiction to address Dilley's arguments made in ECF 36; or (2) incorporate SIC-BNIC's response brief in Court File No. 3:24-cv-597 at ECF 23 as New York Marine's response here.

Respectfully submitted,

GREGERSON, ROSOW, JOHNSON & NILAN, LTD.

By: /s/Joshua A. Dorothy
Joshua A. Dorothy, Esq. (*pro hac vice*)
Nicholas J. Sideras, Esq. (*pro hac vice*)
Gregerson, Rosow, Johnson & Nilan, Ltd.
100 Washington Avenue South, Suite 1550
Minneapolis, MN 55401
Phone: (612) 338-0755

IN ASSOCIATION WITH:

KOPKA PINKUS DOLIN
Minh C. Wai, Esq.
9801 Connecticut Drive
Crown Point, IN 46307
Phone: (219) 794-1888

**ATTORNEYS FOR NEW YORK MARINE AND GENERAL INSURANCE COMPANY**