UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | CASE NO. 3:24-CV-177-DRL-SJF |
| NOTRE DAME FEDERAL CREDIT UNION, | |
| Defendant. | |

**ORDER**
**and**
**REPORT AND RECOMMENDATION**

The following motions are ripe before the Court: a Motion to Intervene as a Necessary Party filed by movant David Dilley [DE 18]; a Motion for Extension of Time to File Answer filed by Defendant [DE 25]; a Motion to Withdraw as Attorney filed by Defendant [DE 37]; and a Motion to Supplement [DE 41] filed by Plaintiff. Most of these pending motions pertain to issues regarding this Court's jurisdiction or the parties' relative roles in this case. For the reasons below, the Court lacks jurisdiction and thus can only deny all pending motions without prejudice.

**I.    Background**

Plaintiff New York Marine and General Insurance Company ("New York Marine") filed this case on February 26, 2024, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). In its complaint, New York Marine seeks a declaratory judgment that it has no obligation to Defendant Notre Dame Federal Credit

Union ("NDFCU") in NDFCU's litigation with Mr. David Dilley in Kosciusko Superior Court, Case No. 43D04-2109-CC-000568.

Mr. Dilley moved to intervene as a necessary party on April 30, 2024. Although the motion was left unopposed, the Court took it under advisement due to jurisdictional deficiencies in the parties' filings. [*See* DE 22]. First, the Court observed that New York Marine's allegations as to NDFCU's citizenship were insufficient. [*See id.* at 2]. Second, the Court noted that Mr. Dilley failed to include any information regarding his citizenship, so the Court was unable to determine whether, or how, his intervention in the case could impact the Court's jurisdiction. [*Id.* at 3]. Accordingly, the Court ordered both New York Marine and Mr. Dilley "to supplement their filings as to the parties' citizenship so that the Court can be assured it has jurisdiction before proceeding with this case and ruling on the substance of Mr. Dilley's motion." [*Id.*].

The parties timely filed supplemental jurisdictional statements as ordered. [DE 23, DE 24]. In his statement, Mr. Dilley reports that he is a citizen of Indiana, resolving the Court's second concern. [DE 23]. Next, in its statement, New York Marine reiterates that it is incorporated in the state of New York with its principal place of business in New Jersey. [DE 24 at 2]. Based on this, New York Marine is considered a citizen of New York and New Jersey. *See* 28 U.S.C. § 1332(c)(1). New York Marine's statement also includes allegations confirming Mr. Dilley's Indiana citizenship. [DE 24 at 6].

Although these statements settled New York Marine and Mr. Dilley's citizenship, the statements made it plain that NDFCU's citizenship remained unsettled. Moreover, New York Marine and Mr. Dilley disputed how to determine NDFCU's citizenship and

2

how NDFCU's citizenship impacts the Court's ability to exercise diversity jurisdiction here. This dispute prompted Mr. Dilley to file motions to dismiss for lack of jurisdiction in two other cases involving NDFCU in this court: (1) a Motion to Dismiss filed on September 30, 2024, in *StarNet Insurance Company and Berkley National Insurance Company v. Notre Dame Federal Credit Union and David Dilley*, 3:24-cv-597-DRL-SJF ("the '597 case") and (2) a Motion to Dismiss filed on November 4, 2024, in *New York Marine Insurance Company v. Notre Dame Federal Credit Union and David Dilley*, 3:24-cv-807-CCB-SJF ("the '807 case"). This Court granted Mr. Dilley's Motion to Dismiss in the '597 case on January 24, 2025.

## II.     Discussion

New York Marine filed its complaint here by invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Under § 1332(a)(1), "district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."

As stated, Mr. Dilley and New York dispute NDFCU's citizenship and whether the Court can exercise diversity jurisdiction in cases involving NDFCU.  In its complaint, New York Marine asserted that NDFCU is "a federally chartered financial cooperative" with its principal place of business in Notre Dame, Indiana. [DE 2 at 1, ¶2]. In its jurisdictional statement, New York Marine explains that federal courts have adopted two approaches to determine diversity jurisdiction when a federally chartered credit union is a party and that both approaches support the Court's diversity jurisdiction here. Mr. Dilley did not dispute the Court's diversity jurisdiction in his

jurisdictional statement. But, in his later-filed Motion to Stay, Mr. Dilley maintains that, because NDFCU is a "federally chartered credit union," this Court cannot exercise diversity jurisdiction in this case. [DE 36 at 3, ¶9].

New York Marine then filed a Motion for Supplemental Briefing [DE 41] on November 4, 2024. In its motion, New York Marine asks for the opportunity to respond to the arguments in Mr. Dilley's Motion to Stay[1] by having the Court consider the response brief filed at docket entry 23 in the '597 case as New York Marine's response here. Mr. Dilley reported that he had no objection to treating docket entry 23 in the '597 case as New York Marine's position regarding the Court's jurisdiction here.[2]

Mr. Dilley maintains that, because NDFCU is a federal credit union, it is considered "stateless" such that this Court cannot have diversity jurisdiction over it. [DE 36; *see also* DE 21 in the '597 case]. In his motion to stay, Mr. Dilley directs the Court to *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 428 (7th Cir. 2009), to support this contention. There, the Court observed that "many courts concluded that 28 U.S.C. § 332(c)(1) applied only to state corporations and not to federally chartered corporations or associations. The result for these courts was that, unless a specific statutory provision dictated otherwise, a federally chartered savings association was not a citizen of any

---

[1] The Court denied Mr. Dilley's Motion to Stay without prejudice so that the Court could first assure its jurisdiction [*see* DE 40]. The Court did so before New York Marie could respond to Mr. Dilley's motion, so it was unable to raise these arguments here. The Court considers both Mr. Dilley's jurisdictional arguments from his Motion to Stay and the response New York Marine seeks to use as a response here.
[2] Mr. Dilley's response was filed on November 22, 2024—eighteen days after New York Marine filed its Motion for Supplemental Briefing. Mr. Dilley's response was thus four days beyond the timeframe afforded by this Court for a response brief. *See* N.D. Ind. L.R. 7-1(d)(3)(A). But in the interest of ensuring the "just, speedy, and inexpensive" resolution of this case, the Court has considered his response— namely, his lack of objection—despite its belatedness. Fed. R. Civ. P. 1.

4

state, meaning it was not eligible for diversity jurisdiction[.]" *Id.* Mr. Dilley explains that, while there are statutes dictating state citizenship for other types of federal chartered entities—national banks, see 28 U.S.C. § 1348; farm credit banks, land bank associations, and farm credit associations, see 12 U.S.C. § 2258—there is no such statute dictating the jurisdiction of federally chartered credit unions. [DE 36 at 4]. Without a "specific statutory provision dictat[ing] otherwise," maintains Mr. Dilley, "a federally charted corporation is not a citizen of any state and therefore is 'not eligible for diversity jurisdiction.'" [DE 36, quoting *Fed. Home Loan Bank of Indianapolis v. Banc of Am. Mortg. Sec., Inc.*, No. 1:10-CV-1463-WTL-DML, 2011 WL 2133539, at *2 (S.D. Ind. May 25, 2011)].

But, in its jurisdictional statement, New York Marine directs the Court to two different approaches, contending that both support diversity jurisdiction. The first approach was utilized by the court in *Navy Fed. Credit Union v. Ltd. Fin. Servs. LP*, 972 F.3d 344 (4th Cir. 2020). [DE 24 at 2-4]. There, the court observed that, under the Federal Credit Union Act ("FCUA") a "a federal credit union 'shall be a body corporate.'" *Id.* at 354 (internal citation omitted). As a body corporate, federal credit unions are thus "vested with all of the powers and charged with all the liabilities conferred and imposed . . . upon corporations organized hereunder." 12 U.S.C. § 1754. Thus, the court held that a federally charted credit union should be treated as a corporation in that its principal place of business determines its domicile for purposes of diversity jurisdiction. *Navy Fed. Credit Union*, 972 F.3d at 363. Relying on this analysis, New York Marine contends that this Court should exercise diversity jurisdiction and consider NDFCU a

5

citizen of Indiana, as its principal place of business is in Notre Dame, Indiana. [*See* DE 23 in the '597 case]. Second, apart from *Navy Fed. Credit Union*, New York Marine contends that this court has jurisdiction through a "localized activities exception." [DE 24 at 4, *citing Fed. Home Loan Bank of Indianapolis*, 2011 WL 2133539, at *2]. This exception grants citizenship "if activities [are] localized in one state." *Hukic*, 588 F.3d at 428 (collecting cases). New York Marine maintains that NDFCU has localized its business operations in the state of Indiana, it should be considered a citizen of Indiana, also supporting diversity jurisdiction here. *Id.*

While this issue was pending here, this Court, granted Mr. Dilley's Motion to Dismiss in the '597 case and addressed these same arguments. This Court declined to follow *Navy Fed. Credit Union* because of the "the common hesitancy to assign citizenship to entities when Congress has not done so" and because "§ 1332(c)(1) applies to corporations that have both a state (or foreign state) of incorporation **and** a principal place of business." [DE 28 at 4 (emphasis added) in the '597 case]. This Court also found that, based on its business operations, NDFCU did not qualify as an Indiana citizen under the "localized activities" exception. [*Id.* at 6].

Thus, the undersigned can only recommend that this case also be dismissed without prejudice under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *See Hill v. Potter*, 352 F. 3d 1142, 1146 (7th Cir. 2003*); see also Marsh v. City of Chicago*, No. 23 C 6104, 2024 WL 3757090, at *3 (N.D. Ill. Aug. 12, 2024) ("Although a dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is a dismissal without prejudice, the jurisdictional ruling itself will be given preclusive effect and may not be relitigated

6

subsequently under the doctrine of issue preclusion.") Accordingly, all pending motions must also be denied without prejudice. *See Harms v. Pebble Creek, LLP,* No. 1:14-CV-01073-DKL, 2015 WL 5009238, at *3 (S.D. Ind. Aug. 20, 2015).

### III. Conclusion

Based on the foregoing, the Court now:

- **DENIES** without prejudice the parties' pending motions [DE 18, DE 25, DE 37, and DE 41] and

- **RECOMMENDS** that this case be dismissed without prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

**NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations.** Fed. R. Civ. P. 72(b)**. FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED** this 28th day of January, 2025.

s/Scott J. Frankel  
Scott J. Frankel  
United States Magistrate Judge