UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NEW YORK MARINE AND GENERAL
INSURANCE COMPANY,

        Plaintiff,

    v.                                 CAUSE NO. 3:24-CV-177 DRL-SJF

NOTRE DAME FEDERAL CREDIT
UNION,

        Defendant.

OPINION AND ORDER

David Dilley moved to intervene as a necessary party in this case. After ordering briefing on jurisdiction, Magistrate Judge Scott Frankel denied the motion to intervene and recommended dismissing the case without prejudice for lack of subject matter jurisdiction. New York Marine raises two objections. The court overrules both objections, adopts the recommendation, and dismisses the case without prejudice for lack of subject matter jurisdiction.

When a party disagrees with a magistrate judge's report and recommendation, Rule 72(b) requires that party to file "written, specific objections" to the magistrate judge's report. Fed. R. Civ. P. 72(b). A specific objection is an objection that "specif[ies] each issue for which review is sought." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). The district court reviews the specific objections *de novo* and other portions of the recommendation for clear error. *Id.* at 739, 741.

Magistrate Judge Frankel recommended dismissing the case because Notre Dame Federal Credit Union is a stateless entity, and that lack of citizenship destroys the court's diversity jurisdiction. The recommendation relied on the court's recent order in a related case, *Starnet Ins. v. Notre Dame Fed. Credit Union,* 2025 U.S. Dist. LEXIS 15370, 8 (N.D. Ind. Jan. 24, 2025). The court dismissed that case and outlined the reasons NDFCU wasn't a citizen of any state, even under the localized activities exception. *Id.* at 7-8.

New York Marine objects to Magistrate Judge Frankel's ruling on two grounds. First, it argues the court should follow the Fourth Circuit's reasoning in *Navy Fed. Credit Union v. LTD Fins. Servs.*, LP, 972 F.3d 344, 354 (4th Cir. 2020). This court explained the three reasons why it declined to follow that case in its prior order, and New York Marine provides no new law or reasoning that causes the court to reconsider its prior decision. *Starnet Ins.,* 2025 U.S. Dist. LEXIS 15370 at 5-6.

Second, New York Marine argues that the localized-activity exception applies. The court's prior order also considered this exception with respect to NDFCU and concluded that it didn't apply. *See id.* at 7-8. The court distinguished NDFCU from other cases where the exception was properly applied. *Id.* at 7. New York Marine presents nothing different or new for the court to consider, and its prior reasoning still applies.

The court reviews other conclusions of a magistrate judge's recommendation for clear error. *Johnson*, 170 F.3d at 739. The court will disturb these conclusions only if it "is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Having reviewed the magistrate judge's conclusions on other subjects, the court is left with no such definite and firm conviction of a mistake. It was

a thoughtful and reasoned recommendation. The court adopts the report and recommendation in full.

## CONCLUSION

The court OVERRULES New York Marine's objections [45], ADOPTS the magistrate judge's report and recommendation [43], and DISMISSES the case without prejudice for lack of subject matter jurisdiction.

SO ORDERED.

February 26, 2025                                *s/ Damon R. Leichty*
                                                 Judge, United States District Court